UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES and EILEEN STEWART, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:17-CV-2433 RLW |
| | ) |
| EQUIFAX, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs seek leave to proceed in forma pauperis in this civil action under 28 U.S.C.§ 1915. Plaintiffs' motions to proceed in forma pauperis will be granted. However, plaintiffs will be required to file an amended complaint in this action. Plaintiffs' failure to file an amended pleading will result in a dismissal of this action, without prejudice.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff James Stewart asserts that he is bringing this action against Equifax, Inc., as well as its parent companies and subsidiaries, on behalf of himself and his mother, Eileen Stewart[1]. Plaintiff states that he and his mother Eileen Stewart are individual consumers residing in the St. Louis, Missouri area.

Plaintiff James Stewart claims that Equifax, Inc. and the other defendants acted in violation of Missouri state law, in "negligence," when the Company failed to protect the Stewart's credit and personal information. Plaintiffs seek "fair compensation" in "an amount that will ensure that the plaintiffs who are consumers harmed by its data breach" will be compensated.

**Discussion**

Plaintiffs are acting pro se, or without an attorney in this action. Although plaintiffs seek to certify a class action against Equifax, Inc., the motion to certify must be denied. Under Federal Rule of Civil Procedure 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." Unfortunately, a pro se litigant cannot fairly and adequately represent a class of persons in Federal Court. A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller & Kane,

---

[1] Mrs. Eileen Stewart is identified as in Mr. Stewart's care, as she is currently 89 years old.

Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se.").[2]

Additionally, plaintiffs' claim for state law negligence, **as currently stated,** appears to be preempted by the Fair Credit Reporting Act ("FCRA"). *See* 15 U.S.C. § 1681h(e)[3].

The Court will allow plaintiffs thirty (30) days to amend their complaint in this action on a court-provided form. Plaintiffs are warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiffs wish to bring. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiffs must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Last, the Court will review plaintiffs' motion for appointment of counsel. The Court notes plaintiffs have demonstrated, at this point, that they can adequately present their claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. Therefore, the Court will deny plaintiffs' request for counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to proceed in forma pauperis [ECF No. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiffs with a court-form for filing a non-prisoner civil action.

---

[2]The Court notes that there are more than 200 pending class action cases against Equifax, Inc. across the nation similar to the instant case. Currently there are motions for transfer and consolidation pending before the Judicial Panel on Multidistrict Litigation ("JPML"), brought pursuant to 28 U.S.C. § 1407. It appears that the majority of individual cases in District Courts have been stayed pending oral argument on the § 1407 motions on November 30, 2017.
[3]The Court is aware that under the FCRA, there remains civil liability for negligent noncompliance of the Act, 15 U.S.C. § 1681o, and willful noncompliance of the Act, 15 U.S.C. § 1681n.

**IT IS FURTHER ORDERED** that plaintiffs shall file an amended complaint on the court-form within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiffs' motion for appointment of counsel [Doc. #2] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiffs' request to certify a class is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' failure to comply with this Memorandum and Order will result in a dismissal of this action without prejudice.

Dated this 27th day of November, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE